# BURKE LASSETER LLC
## LAW OFFICES AT LENOX POINTE

**Kelly R. Burke**
Kelly@burkelasseterllc.com

2006 KARL DRIVE SUITE 100
WARNER ROBINS, GEORGIA 31088
PHONE: 478.287.6969 • FAX: 888.933.9336

**R. Jeffrey Lasseter**
Jeff@burkelasseterllc.com

February 13, 2012

Honorable Chuck Shaheen
Mayor, City of Warner Robins
700 Watson Boulevard
Warner Robins, GA 31088

RE:   Ante-Litem Notice; Taylor v. Peach Blossom, 2010-V-100218-N

Dear Mayor Shaheen:

This letter is to give the City of Warner Robins notice pursuant to O.C.G.A. Sec. 36-33-5 of the intention of my clients, Peach Blossom Development Co., Inc. and Thomas A. Brightman, to assert the following claims against the City for property and tortious damages suffered by the claimants from the wrongful conduct of the City as it relates to the Peach Blossom Pond, Smithville Center, Beau Claire Subdivision and Moody Square.

Brief Facts: Mr. Brightman and his development company, Peach Blossom Development Co., Inc., are engaged in developing commercial and residential property in the Warner Robins area. The claimants have a long and successful history in developing property. At some point in time, then Mayor Donald Walker initiated a course of conduct by city employees to harass, frustrate and interfere with claimant's business opportunities. A case in point is Peach Blossom pond, in the Peach Blossom subdivision. The subdivision was built to specifications. A pond was included in the plans which were approved by the city officials. A well was approved by the county after the location of the well had been verified by the city official. The well was operational and was providing a sufficient water level to meet the approved, platted requirements for the pond. A city official, with no notice to the claimants, had the electricity cut to the well and had Flint Energies remove the pole. The city further impugned the reputation of the claimants when then Mayor Walker publicly campaigned to harm and impugn the reputation of the developer in the media with numerous interviews. At the time, then Mayor Walker was under political threat and was using this campaign to create and issue to improve his chances for re-election.

At Smithville Center, the claimants were denied certificates of occupancy for matters that were trivial and unrelated to the issuance of a certificate. For instance, claimant was required to institute site requirements that included stop signs, stop bars, excessive parking, unequal application of code, work stoppages, rough inspections and harassment of sub-contractors. The City's denial of permits caused the loss of tenants at the complex. No other businesses in the area received this treatment.

At Beau Claire subdivision where the claimants built townhomes, electrical meters were required to be placed on the front of the townhomes, by the front doors. This despite a Flint Energies approved plan to cluster the electrical meters at the side of the townhomes. An almost identical property, the Cottages At

Lakeview, was allowed to put their electrical boxes at the rear. Claimants were denied permits until the owner complied with requirements made by city officials that were non-code.

At Moody Square, a business development, the City required a fire suppression system that the State Fire Chief said was unnecessary. The claimants were made to dig up a sewer line that had been functioning for 18 months and covered with 10' of fill because compaction tests had not been performed, even though not required at the time and the City was responsible for the work. The actual re-work took 3 days to complete, yet it took the City over 3 months to approve and release the site for a certificate of occupancy. The additional cost and time delays required before a certificate of occupancy could be achieved put the claimants at a substantial loss on this property.

The same type of interferences and unjust actions occurred at 1131 Houston Lake Road and 3521 Highway 41, properties of the claimants that were impacted by this conspiracy.

While the above actions are outside of the normal six month statute of limitations, the conspiracy to engage in this conduct was only recently discovered during depositions that were conducted in litigation that is ongoing between Randy and Bobby Taylor and Peach Blossom Dev. Co., Inc. in Superior Court in Perry. A city official admitted that the city was looking to put the claimants out of business, which is the basis for this ante-litem notice.

The actions of the city and their agents constitute trespass, conversion, selective prosecution, negligence, interference with contract, abuse of office, intentional infliction of emotional duress and violate the due process clauses of the Georgia and United States' Constitutions.

Over $15 million in real estate properties and development were obstructed by the City's illegal and unjust delays, interference and conspiracy to frustrate and harm the Claimants. Claimants hereby demand that the illegal and unjust interference with their business activities be ceased immediately and that they be paid $1,500,000.00 each to compensate them for their injuries. Claimants do not concede that this amount represents the full extent of their injuries should they proceed to file a lawsuit, but is offered as a good faith effort to settle their claims.

Sincerely,

Kelly R. Burke

Cf:  Thomas A. Brightman, President, Peach Blossom
     James E. Elliott, Jr., City Attorney
     George L. Williams, Jr., Attorney for Randy and Bobby Taylor, 100218
     M. Stanley Martin, Attorney for Randy and Bobby Taylor, 100218